IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS, | CV 23-58-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| LIEUTENANT VALDEZ, NURSE MISTY, COMMANDER LESTER, CORRECTIONAL OFFICER CHANDLER, US MARSHAL PATRICK SHALLY, US MARSHAL MARY BETH, | |
| Defendants. | |

Pending before the Court are various motions filed by the parties. Plaintiff Alexandre Davis ("Davis") requests that counsel be appointed to represent him (Doc. 24), and that the Court grant summary judgment in his favor. (Docs. 25 & 48.) Davis also requests that he be granted leave to begin discovery (Doc. 49), and that he be permitted to amend his complaint in order to sue all Defendants in their official capacities. (Doc. 50.) Davis has also filed a motion requesting that he be provided various documents from the Defendants before any party is granted summary judgment. (Doc. 64.) Defendants generally oppose the bulk of Davis's motions. *See e.g.,* (Docs. 51, 52, 53, 65, and 66.)

1

The federal defendants, US Marshals Mary Beth and Patrick Shally have filed a motion to dismiss for failure to state a claim and brief in support. (Docs. 46 & 47.) Commander Lester, Lieutenant Valdez, Correctional Officer Chandler, and Yellowstone County, have filed motions for judgment on the pleadings and briefs in support. (Docs. 54, 55, 56, 57, 58, 59, 60, and 61.) Defendant Nurse Misty has filed a motion to dismiss and brief in support. (Doc. 62 & 63.)

Davis has not yet responded to the substance of any of the Defendants' outstanding motions and apparently seeks an order directing Defendants to provide him with information and documents before he is required to respond. Davis's motions will be addressed in turn.

### i.      Motion to Appoint Counsel

Davis states that the nature of his case is complex, and his incarceration hinders his ability to adequately prepare or litigate his case. (Doc. 24 at 1.) Further, Davis points out he is indigent, has no legal training, and has limited access to a law library and legal materials. (*Id.*) Davis is concerned about his ability to effectively cross-examine witnesses and present evidence in this matter. (*Id.*)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

*withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal

cases, the statute that applies does not give a court the power to simply appoint an

attorney.  28 U.S.C. § 1915 only allows the Court to "request" counsel to represent

a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge

cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit- a judge can

merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S.

296, 310 (1989).  Further, a judge may only request counsel for an indigent

plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation
> of both "the likelihood of success on the merits and the ability
> of the petitioner to articulate his claims pro se in light of the
> complexity of the legal issues involved."  Neither of these
> factors is dispositive and both must be viewed together before
> reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel,

particularly in more complex areas such as discovery and the securing of expert

testimony.  However, this is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs

representing themselves are rarely able to research and investigate facts easily.

This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331.  Factual

disputes and the anticipated examination of witnesses at trial does not establish

exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Davis has not yet demonstrated a likelihood of success on the merits. Moreover, Davis has effectively articulated his claims to this point. The Court does not see a sufficient basis to appoint counsel at this juncture. The motion will be denied.

The Court advises Davis, however, that the United States District Court for the District of Montana's website has a page which identifies cases in which defendants have been served and the plaintiff has requested appointment of counsel. Although, the Court is denying Davis's motion for appointment of counsel, it will list his case on the Court's website as a case in which a request for the appointment of counsel has been made. Should an attorney contact the Court indicating their interest in representing Davis, the Court will make the appointment. If Davis objects to having his case listed on the Court's website, he should notify the Court within 14 days of this Order.

### ii.     Motions for Summary Judgment

Davis has also asked the Court to grant summary judgment in his favor. (Docs. 25 & 48.) Davis's motions are not accompanied by a statement of undisputed facts, as required by D. Mont. L.R. 56.1. Davis's motions are not supported by any evidence in the form of documents depositions, discovery

responses, etc., that would provide the Court factual grounds upon which to grant

his motions.  Moreover, Counsel for Defendants recently appeared in this matter.

*See* (Docs. 37 & 38.)  They have not yet filed their respective answers but have

filed motions to dismiss, as set forth above.  Further, the Court has not yet entered

a scheduling order.  Davis's motions for summary judgment are premature and will

be denied.  *See e.g*., Fed. R. Civ. P. 56(b).  He may renew a motion for summary

judgment at a later date, if appropriate.

   iii.   **Motions for Discovery/Motion to Compel**

   As set forth above, Davis seeks various evidence from Defendants.  (Docs.

49 & 64.)  Davis asserts this information will show that he was refused adequate

medical care and nutrition following his surgery (Doc. 49), and that this

information should come to light instead of "being hidden."  (Doc. 64 at 2.)

Davis's request for court intervention is premature.

   L.R. 26.1(d) forbids discovery until a Scheduling Order is in place.  No

scheduling order has yet been entered as the Court must first address Defendants'

outstanding motions.  Also, as Davis has previously been advised, discovery

requests are not to be filed with the Court.  Davis instead must serve any future

discovery requests on Defendants after the Scheduling order has been issued.  L.R.

26.2.  *See also Davis v. Slaughter et al*., Cause No. CV-24-3-GF-BMM-JTJ, Ord.

at *5 (D. Mont. March 11, 2024).  The motions will be denied, subject to renewal

at a later date.

### iv.   Motion to Amend

Finally, it appears Davis seeks to amend his complaint under the guise of his "Motion to Sue Defendants in Official Capacities."  (Doc. 50.)  The Court will not amend Davis's complaint for him.  If he wishes to amend, he must do so in accordance with Fed. R. Civ. P. 15.  The motion (Doc. 50) will be denied.

Accordingly, the Court issues the following:

### ORDER

1.  Davis's Motion to Appoint Counsel (Doc. 24) is DENIED. The Clerk of Court is directed to notify the Court's Pro Bono Coordinator to list Davis's case on the list of Pro Bono Opportunities on the Court's website.

2.  Davis's Motions for Summary Judgment (Docs. 25 & 48) are DENIED.

3.  Davis's Motion for Discovery (Doc. 49) and Motion to Compel (Doc. 64) are DENIED.

4.  Davis's Motion to Sue Defendants in Official Capacities (Doc. 50) is DENIED.

5.  Within **21 days** from the date of this Order, Davis shall respond to Defendants' pending dismissal motions.

6.  At all times during the pendency of this action, Davis must immediately advise the Court and opposing counsel of any change of address and

its effective date.  Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).


      DATED this 3rd day of June, 2024.


                           */s/ Timothy J. Cavan*
                           Timothy J. Cavan
                           United States Magistrate Judge