IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS, | CV 23–58–BLG–SPW-TJC |
| Plaintiff, | |
| vs. | |
| LIEUTENANT VALDEZ, NURSE MISTY, COMMANDER LESTER, CORRECTIONAL OFFICER CHANDLER, YELLOWSTONE COUNTY, | ORDER |
| Defendants. | |

Plaintiff Alexandre Davis, ("Davis"), a federal prisoner proceeding without counsel, filed a civil rights complaint under 42 U.S.C. § 1983, followed by several supplements. (Docs. 2, 5, 8, 13, and 14.) He was directed to file an amended complaint and was advised of the relevant pleading standards. (Doc. 19.) Davis timely complied. (Doc. 21.) In his amended complaint, Davis generally alleges Defendants failed to provide him with adequate medical care, following surgery for his broken jaw. (*Id.*)

Davis explains that he was incarcerated in the Big Horn County Detention Facility ("Big Horn") in Wyoming as a pretrial detainee. On April 27, 2023, following an assault, his jaw was broken. (Doc. 21 at 8.) He was transported by the US Marshals Service ("USMS") to the Billings Clinic for medical care. After

surgery, the USMS returned Davis to Big Horn. While incarcerated at Big Horn, Davis was provided adequate post-surgery care. The medical instructions included a mouth rinse four times per day, administration of three prescribed medications, a liquid only diet from April 28, 2023 to June 15, 2023, and a soft food diet from June 16, 2023, to mid-July of 2023. (*Id.* at 8-9.) Davis was then transported by the USMS to the Yellowstone County Detention Facility ("YCDF") where he was not provided with adequate medical care. From May 2, 2023, to mid-July 2023, the medical instructions were not followed, resulting in severe pain, anguish, depression, anxiety, and starvation. (*Id.* at 9.) Davis states he was in pain from not receiving his medication and that he was denied his mouth rinse and antibiotics, resulting in his gums becoming infected and the loss of a tooth. He also lost a significant amount of weight and experienced suicidal ideations. (*Id.*) Davis states Nurse Misty, Correctional Officer Chandler, Lieutenant Valdez, and Commander Lester each contributed to his claims by disregarding risks to his health and safety and denying proper medical care, which has resulted in significant injury. (*Id.* at 10-13.)

After filing the complaint, Davis was sentenced on federal criminal charges. This matter was then somewhat complicated as Davis was transferred between federal facilities, during which time he filed motions seeking various forms of relief. *See e.g.*, (Docs. 22, 24, 25, 26.) The Defendants were served in this matter.

(Doc. 27.) Davis continued to be moved to different facilities. (Docs. 28, 29, 31.) Defendants timely answered. (Docs. 40, 41, 42, 43, 45.) The Federal Defendants named in the Amended Complaint, US Marshal Patrick Shally and US Marshal Mary Beth O'Loughlin, moved to dismiss for failure to state a claim. (Docs. 46 & 47.) Davis subsequently advised the Court of his intent to dismiss all claims against the federal Defendants, *see* (Doc. 76 at 1), which was subsequently granted. (Doc. 83 at 2, 3.)

## I.    Pending Dismissal Motions

Defendants Commander Lester, Lieutenant Valdez, and Correctional Officer Chandler seek judgment on the pleadings pursuant to Rule 12 (c) of the Fed. R. of Civ. Pro. They each advance the same argument. *See generally*, (Docs. 54-59.) The crux of their argument is that, taking the allegations of the Amended Complaint as true, Davis fails to state a viable claim, as each of these three Defendants was sued only in their official capacity, and not in their individual capacity. Thus, the claims against these three Defendants, as plead by Davis, are actually claims against Yellowstone County. *See e.g.*, (Doc. 54 at 1-2)(*citing Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also*, (Doc. 55 at 1-2); (Doc. 56 at 1-2); (Doc. 58 at 1-2.) These Defendants argue they should be dismissed from the matter and that Davis should be allowed to pursue his claims against Yellowstone County.

3

Yellowstone County, in turn, also moves for dismissal on the pleadings pursuant to Rule 12(c). (Doc. 60.) The County claims that the amended complaint does not allege that a policy of the County caused the failure to provide Davis with adequate medical care. The County explains that in order to have a claim against the County, Davis must first identify a policy the County has that caused the denial of medical care. (*Id.* at 2)(*citing Monnell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978); *see also*, (Doc. 61 at 2.) Failure to do so, the County alleges, is fatal to Davis's claim.

Nurse Misty seeks dismissal of Davis's allegations against her, arguing they fail to state a claim pursuant to Rule 12(b)(6). Like the County Defendants, Davis only named Nurse Misty in her official capacity. (Doc. 21 at 2.) Turn Key, LLC provides health care services to YCDF inmates pursuant to a contract that has been in place since 2022. Nurse Misty was an employee of Turn Key during the time period giving rise to the events in Davis's complaint. By suing Nurse Misty in her official capacity, she argues that the claims are really against her employer, Turn Key, and not individually against her. (Doc. 63 at 6.) Nurse Misty goes on to argue that a claim pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971)("*Bivens*") against Turn Key fails as a matter of law, because it only provides a cause of action for damages against a federal official or federal officers who violate one's personal rights. (*Id.* at 6-7)(*citing*

4

*Pettibone v. Russell*, 59 F. 4th 499, 454 (9th Cir. 2023)(additional citations omitted).

Thus, Nurse Misty argues *Bivens* is inapplicable relative to an official capacity

claim of this nature and amendment would be futile. (*Id.* at 7.)

Nurse Misty further argues that pursuing an individual capacity claim

against her is futile and further amendment should not be permitted. (*Id.* 7-8.) She

asserts that under present law, the *Bivens* remedy does extend to a private non-

governmental employee of a corporation contracting with the federal government.

(*Id.* at 8-10.) Because she is not a federal officer or official, and Davis has

adequate and available tort remedies, Nurse Misty argues that there is no need to

create a new *Bivens* remedy for private employees of a private corporation. (*Id.* at

10-11.)

Obtaining Davis's response to the motions to dismiss was again complicated

by his continued change in custody. *See*, (Doc. 67, 70, 71, 72, and 73.) Davis

explained, in response to a show cause order, that he had not received various

filings due to his transfers to different facilities and had, accordingly, been unable

to respond. (Doc. 76.) Davis was then provided additional time to file his

responses to the Defendants' respective motions. (Doc. 83.)

In his response, Davis has requested that Yellowstone County be dismissed

from this lawsuit, as he did not intend to file against the County. *See*, (Doc. 84 at 3,

9.) In relation to the Defendants' argument that they could not be sued in their

official capacity, Davis asserted that Judge Cavan "mentioned" to Davis to sue

them in their official, and not individual capacities, in the order allowing

amendment of his complaint. (*Id.* at 2.) Davis moved, in the event that Judge

Cavan was wrong, to sue the Yellowstone County Defendants in both their official

and individual capacities. (Doc. 84 at 2.) Davis then reasserted his denial of

medical care claims against Valdez, Lester, Chandler and Nurse Misty. (*Id.* at 3-

8.) Davis opposes the Defendants' respective dismissal motions. (*Id.* at 9.)

In their reply, the County Defendants assert that if Davis wishes to proceed

against Chandler, Valdez, and Lester in their individual capacities, he be directed

to promptly file an amended complaint, to include all of the allegations he wishes

to make. *See*, (Doc. 86.)

Davis subsequently informed the Court that he was stabbed multiple times

during his incarceration at FCI Florence and has been residing in a special housing

unit while he recovers. (Doc. 88 at 1-2.) He explains that he has been unable to

focus on this litigation and objects to having to amend his complaint another time.

(*Id.*) He reasserts that Judge Cavan directed him to sue the County Defendants in

their official capacities. (*Id.* at 1.)

**Analysis**

As an initial matter, the record reveals that Judge Cavan never told Davis to

only sue the Defendants in their official capacity. The order directing amendment

6

simply outlined the general pleading standards pertinent to this matter. *See generally*, (Doc. 19.)  Thus, Davis's repeated assertions regarding Judge Cavan's alleged directives to him is inaccurate.

### Yellowstone County Defendants

Moreover, the County Defendants are correct that Davis did not properly seek leave to amend, and they present legitimate arguments supporting dismissal of the claims.  Conversely, the Court recognizes that a document filed *pro se* is "to be liberally construed," *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A scheduling order has not yet issued, thus, potential prejudice to Defendants is minimal.

For these reasons, the County Defendants' motions to dismiss for failure to state a claim, will be granted, in part.  Yellowstone County will be dismissed from this action entirely, pursuant to Davis's own motion.  Similarly, all official capacity claims against Chandler, Valdez, and Lester will be also dismissed.  A claim against an individual in their "official capacity" is treated as a claim against the entity, in this case that entity is Yellowstone County. *See e.g., Kentucky*, 473

U.S. at 166 (stating that an official capacity suit is not a suit against the official personally "for the real party in interest is the entity").

The Court acknowledges that while Davis only checked the box for official capacity claims against each remaining defendants, (Doc. 21 at 2-3), the facts alleged in support of his claims, *see*, (*id.* at 6-12), suggest acts the County Defendants undertook in their individual capacities. Moreover, because Yellowstone County is being dismissed from this action, there would be no purpose served by strictly holding Davis to his official capacity claims as pled, as the claims are not only redundant, *see Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F. 3d 780, 799 (9th Cir. 2008), they are also effectively moot due to the dismissal of Yellowstone County as a Defendant. The Court will grant Davis's motion to amend, *see* (Doc. 84 at 2), and allow him to proceed with his individual capacity claims against Chandler, Valdez, and Lester. The Amended Complaint, (Doc. 21), will be the operative pleading.

**Nurse Misty**

Nurse Misty's motion to dismiss will be granted. As stated above, Davis was a federal pretrial detainee and then a federal prisoner at the times pertinent to his claims in the amended complaint. Individuals and private entities are generally not liable for rights secured by the United States Constitution. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982). In *Bivens*, the Supreme Court held that a

constitutional violation "by a federal agent acting under color of his authority gives rise to a cause of action." *Bivens*, 403 U.S. at 389; *see also Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017)(*Bivens* provides for an implied action for money damages against individual federal officials for certain constitutional violations). Because Turn Key is not an individual or a federal official, Nurse Misty's motion to dismiss Davis's official capacity claim is well-taken and will be dismissed.

To the extent that Davis intended to plead a claim against Nurse Misty in her individual capacity, such claim must also be dismissed. The Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment claim against FBI agents for warrantlessly handcuffing a man in his own home); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination claim against a Congressman for firing his female secretary); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to treat an inmate's asthma). *Abbasi*, 582 U.S. at 140 (citations omitted). And while *Carlson v. Green* found that there was an available *Bivens* remedy for a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment, it did not create a blanket rule for all Eighth Amendment claims. *See Martinez v. Bureau of Prisons*, 830 F. App's 234, 235 (9th Cir. 2020). The Supreme Court has recently stated that "expanding the *Bivens* remedy is now a

disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Abbasi*, 582 U.S. at 135; *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (urging "caution" before "extending *Bivens* remedies into any new context").

The record makes clear that Nurse Misty is a private nurse contracting with a private entity to provide her nursing services to YCDF inmates; she is not an employee of the BOP or another federal agency. The Supreme Court has not extended the *Bivens* remedy to allow a *Bivens* claim against a non-federal employee or independent contractor, even if one performs services for the federal government pursuant to a contract. Allowing Davis to pursue a *Bivens* claim against Nurse Misty would extend *Bivens* liability to a "new category of defendants," which is something that the Supreme Court has "consistently refused" to do to date. *Malesko*, 534 U.S. at 68. To do so in this context would be error.

Moreover, a *Bivens* action generally will not succeed when there is an existing alternative process that provides adequate protection. *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012)(*citing Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)); see also, *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (where the Supreme Court noted that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a *Bivens* remedy"). In Montana, state tort law provides for ordinary negligence claims. *See e.g., Lopez v. Great Falls Pre-*

*Release Services*, 1999 MT 199, ¶ 18, 295 Mont. 416, 986 P. 2d 1081.  As there are state tort laws that provide Davis adequate remedies, the *Bivens* claim against Nurse Misty will be dismissed.

## II.   **Outstanding Motions**

While these motions have been pending, Davis has filed various motions. He has sought additional time in order to pursue settlement/alternative dispute resolution (Docs. 88 & 94), to compel discovery (Doc. 89), and the appointment of counsel.  (Docs. 92 & 98.)

His motions seeking a settlement conference will be denied at this juncture but are subject to renewal at a later date, if **both** parties agree a settlement conference to be advantageous.  Davis's motion to compel discovery will be denied on the same basis the Court previously provided.  *See e.g.*, (Doc. 68 at 5-6.) As Davis is aware, L.R. 26.1(d) forbids discovery until a Scheduling Order is in place; no scheduling order has yet been entered in this matter.  Similarly, Davis's motions requesting appointed counsel will again be denied on the grounds already provided.  (*Id.* at 2-4.)  Davis's case is listed on the Court's website as one in which a request for the appointment of counsel has been made.  Should an attorney contact the Court indicating interest in representing Davis, the appointment will be made.

Based upon the foregoing, the Court issues the following:

## ORDER

1.    County Defendants' Lester, Valdez, and Chandler's motions to dismiss for judgment on the pleadings, (Docs. 54, 56, 58), are GRANTED, in part. All official capacity claims are DISMISSED.  Defendants will remain in this matter in their individual capacities.  The County Defendants' answer or appropriate motion will be due within **21 days** of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(A).

2.    Yellowstone County's motion for judgment on the pleadings (Doc. 60) is GRANTED.  Yellowstone County is DISMSSED as a party from this matter.

3.    Nurse Misty's motion to dismiss for failure to state a claim (Doc. 62) is GRANTED.  She is DISMISSED as a party from this matter.

4.    Davis's motions seeking a settlement conference (Docs. 88 & 94) are DENIED, subject to renewal at a later date.

5.    Davis's motion to compel discovery (Doc. 89) is DENIED.

6.    Davis's motions for appointment of counsel (Docs. 92 & 98) are DENIED.

7.    Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in letter form.

8.    Pursuant to Local Rule 26.1(d) "no party may begin discovery until a scheduling order has been issued."

      At all times during the pendency of this action, Davis must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

      DATED this 25th day of March, 2025.

                                   Susan P. Watters
                                   United States District Court Judge