IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>LIEUTENANT VALDEZ,<br>COMMANDER LESTER,<br>CORRECTIONAL OFFICER<br>CHANDLER,<br><br>    Defendants. | CV 23-58-BLG-SPW-TJC<br><br>ORDER |

On May 7, 2025, this Court ordered that a settlement conference be held in this matter pursuant to the parties' requests. (Doc. 113.) A telephonic settlement conference was scheduled for June 13, 2025. Due to Plaintiff Davis being moved within the Bureau of Prisons ("BOP") and the facility that he was then housed at not complying, the settlement conference did not occur. (Doc. 127.) Both parties have expressed an interest in attempting to again mediate the matter, *see e.g.*, (Doc. 134 & 129), however, this has been difficult to schedule as Davis has been placed in segregated housing and moved between BOP facilities. *See*, (Docs. 126 & 135.) According to Plaintiff's latest filing, he is in the process of being transferred again, but he does not yet know where he will reside. (Doc. 135.)

1

The Court is still willing to schedule a settlement conference. The parties shall keep the Court updated on Plaintiff's location and a future settlement date will be scheduled accordingly.

Davis again seeks partial summary judgment and asks the Court to rule that his broken jaw constituted a serious medical need. (Doc. 130.) The Court has previously denied similar motions advanced by Davis and explained its reasoning. *See*, (Doc. 68 at 4-5); (Doc. 83 at 2-3.) Defendants oppose the motion. (Doc. 134.)

The motion is not accompanied by a statement of undisputed facts, as required by D. Mont. L. R. 56.1, nor are there any documents, affidavits, or declarations provided in support. Defendants argue that there are issues of material fact and that medical records that have been provided to Davis demonstrate the existence of such disputed issues. *See e.g.*, (Doc. 134 at 8-11.) Defendants position is well-taken. Davis's motion will be denied, subject to renewal at a later date via a motion the complies with the Court's local rules and is supported by the requisite evidence.

Finally, Davis has filed a motion for court intervention. He indicates he continues to be subjected to abuse within the BOP and requests this Court intervene to put an end to the abuse. (Doc. 125.) As stated above, it appears that the BOP is in the process of transferring Davis to a new facility. Moreover, it

2

generally is not the province of the courts to become involved in the affairs of prison administrations or prison security. *Procunier v. Martinez*, 416 U.S. 396, 405 (1974); *Pell v. Procunier*, 417 U.S. 817, 827 (1974). Plaintiff's motion for intervention will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Davis's motion for partial summary judgment (Doc. 130) is DENIED.

2. Davis's motion for intervention (Doc. 125) is DENIED.

3. Upon Davis's transfer to his new facility, he should update the Court within **14 days** and provide his address and any contact information of a case manager or facility administrator who will assist and/or be a point of contact for scheduling a telephonic settlement conference.

Dated this 8th day of September, 2025.

Susan P. Watters
United States District Judge