IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LIEUTENANT VALDEZ,<br>COMMANDER LESTER,<br>CORRECTIONAL OFFICER<br>CHANDLER,<br><br>　　　　Defendants. | CV 23-58-BLG-SPW<br><br><br><br>ORDER |

On December 18, 2025, a settlement conference was held. The Court was informed that the case was settled. The parties were directed to file dismissal papers. (Doc. 150.)

On January 12, 2026, Plaintiff Davis filed a motion seeking to release and dismiss the Defendants from this lawsuit in light of the settlement. (Doc. 151.) Davis also asks, however, to add a new entity, Summit, to this law suit. Davis contends that Summit, as a contractor, was "truly responsible for the denial of medical diet and starvation." (*Id.* at 1.) Davis provides no additional details or legal basis to support this request.

1

On April 4, 2025, a Scheduling Order was entered in this matter. (Doc. 107.) Pursuant to the Scheduling Order, all motions to amend the pleadings were to be served before July 3, 2025. (*Id.* at 7, ¶ 1.) Thus, as a preliminary matter, Davis's motion to amend was filed more than six months after the deadline to amend expired. Further, pursuant to the Scheduling Order, modification may only occur "for good cause and with the judge's consent." (*Id.*) Accordingly, the Court must consider whether good cause exists for Davis to add a new party and modify the amendment deadline. The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F. 3d 716, 737 (9th Cir. 2013). The party seeking modification of the scheduling order bears the burden of establishing diligence. *See e.g., Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

Davis suggests that he learned from the County Defendants that Summit was actually the party responsible for his injury. But Davis does not explain when or how he learned of this information.

Davis filed his initial complaint in May of 2023. (Doc. 2.) He filed various supplements and notices, *see e.g.*, (Docs. 5, 8, 10, 11, 13, 14), prior to filing his amended complaint in September of 2023. (Doc. 21.) The amended complaint was served on Defendants. (Doc. 27.) Ultimately, several defendants were

2

dismissed from this matter, (Doc. 104), and the Scheduling Order was entered. The parties attempted to engage in a settlement conference in July of 2025, however, due to Davis's custodial transfers, the conference was not held. (Doc. 127.) Scheduling a follow-up settlement conference proved to be difficult due to Davis's ongoing transfers with the Bureau of Prisons.

The Court notes that while these proceedings have been pending, there has been no mention of Summit. Further, Davis does not explain, aside from being a "contractor" what purported role Summit played in his claims or why he is only now, after expiration of the deadline to amend, after the discovery cutoff, and after the dispositive motion deadline, he is seeking to add Summit. While the Court understands Davis's incarceration posed difficulties in litigating this matter, he has not demonstrated that he was diligent in identifying potential defendants. He had more than 2 ½ years to do so, yet he seeks to add an entirely new party at the eleventh-hour following settlement. It appears that Summit, if it is even a viable defendant, fell through the cracks of this litigation. This weighs strongly against a finding of diligence since, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *See Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Accordingly, good cause to modify or amend the scheduling order to add a new party is lacking in this matter.

Accordingly, IT IS HEREBY ORDERED:

1. Davis's Motion to Amend/Motion to Dismiss (Doc. 151) is DENIED, in part, and GRANTED, in part.

2. Davis's motion to amend the pleadings to add a new defendant is DENIED; no amendment or supplementation will be permitted.

3. Davis's motion to Dismiss Defendants pursuant to the settlement agreement reached by the parties is GRANTED. Accordingly, the above-entitled cause is DISMISSED WITH PREJUDICE.

Dated this 23rd day of January, 2026.

Susan P. Watters
United States District Judge